Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Amos Van Etten, for appellants.

Frank M. Van Wagonen, for respondent.

McLAUGHLIN, J. The plaintiff's wife was a passenger on a yacht on Rondout creek, Ulster county. The yacht landed at a dock in that county owned by the defendant steamboat company for the purpose of permitting her to go ashore. While walking upon the dock she stepped into a hole and sustained personal injury. Plaintiff brings this action to recover for loss of her services. After issue had been joined, the defendants moved to change the place of trial from the county of New York to the county of Ulster. The motion was denied, and they appeal.

For the reasons stated in the opinion in Mary Fluckiger v. Haber and Cornell Steamboat Co. (decided herewith) 128 N. Y. Supp. 739, I think the motion should have been granted.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---

JONES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. New Trial (§ 162*)—Grounds—Excessive Damages.

In an action for damages to plaintiff's property by the maintenance of a nuisance, the court withdrew from the jury's consideration all items of damage, except the usable value of plaintiff's unimproved realty, claimed to be $21,080 for two years, and the loss of rentals from the improved realty for six years, amounting to $9,621, aggregating $30,701, and charged that no more than that sum could be recovered; but the verdict was for $58,250. Held, that the verdict was excessive and contrary to law, but that the court could not eliminate the excess above the limit set to the recovery, and then deduct the usable value of the unimproved realty, as not sustained by the evidence, and grant a new trial only if plaintiff refused to accept the reduced recovery, but that the new trial should have been granted absolutely.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 324–329; Dec. Dig. § 162.*]

2. Nuisance (§ 49*)—Actions—Admission of Evidence.

In an action for damages to property by maintaining a nuisance by erecting railroad shops, etc., evidence was admissible to show that certain structures erected by defendant were temporary in character.

[Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 49.*]

Appeal from Trial Term, New York County.

Action by J. Harris Jones against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from orders denying a new trial and granting an extra allowance, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Robert A. Kutschbach, Jr., for appellant.

Benjamin Slade, for respondent.

DOWLING, J. Plaintiff brought this action to recover $100,000 as the damages claimed to have been sustained by him by reason of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the depreciation of the rentals, usable and market value, and permanent injury to the fee, of certain real estate, improved and unimproved, owned by him in the borough of the Bronx, city of New York, due to the maintenance of a nuisance by defendant at its High Bridge yard, situate on the easterly side of the Harlem river, between 161st and 170th streets, in said city, such nuisance resulting from the wrongful and unlawful operation and maintenance by defendant of its said yard, roundhouses, machine shops, and appurtenances, located near plaintiff's property, and from the use of bituminous coal in its standing engines, engine houses, machine shops, and appurtenances in said yard, thereby causing smoke, soot, and noxious vapors and gases to issue therefrom, to settle upon plaintiff's property, and to enter plaintiff's dwellings, injuring their contents, and disturbing the enjoyment thereof by the tenants, and from the incessant, loud and disagreeable noises accompanying the same, all causing loss to plaintiff.

[1] At the close of a protracted trial, into the details of which it is unnecessary for the purpose of this appeal to enter, the learned trial justice withdrew from the consideration of the jury, by successive rulings, every item of damage upon which plaintiff could possibly recover save two: (1) The usable value of plaintiff's unimproved real estate, claimed to be $10,540 per year for the period of two years, making $21,080; (2) the actual loss of rentals from plaintiff's improved real estate for the period of six years, amounting to $9,621— making an aggregate of $30,701. The court charged the jury that such sum was the total of plaintiff's claim. Despite that charge, the jury found a verdict for plaintiff in the sum of $58,250. A motion having been made for a new trial upon the minutes, and to set aside the verdict as contrary to the law and evidence, and as excessive, decision thereon was reserved.

Thereafter the court rendered an opinion wherein it called attention to the fact that there were originally four distinct classes of claims for damage, of which those for diminution of fee value and damage to rental value had been eliminated by consent of counsel, leaving the two classes of damage hereinbefore specified as the only questions to be determined by the jury (assuming, of course, that the existence of a nuisance had been established); that counsel for plaintiff had furnished a table of figures showing the extent of the damage as $30,701, in the aggregate; that the jury had been charged that, if a finding on the general issue was in plaintiff's favor, he could not recover more than that amount; but that the jury had fixed the damages at $58,250. It then proceeded to subtract the excess over $30,701, and, eliminating such amount, a balance for consideration was left of $30,701, from which the court, deducting the $9,621 claimed for loss of rents, found that the jury had awarded $21,080 as the usable value of 30 vacant lots.

Applying the rule laid down in Tallman v. Metropolitan Railroad Co., 121 N. Y. 119, 23 N. E. 1134, 8 L. R. A. 173, the court found that there was an entire absence of any evidence upon which a substantial recovery upon that branch of the case could be had, and therefore reduced the damages thereon from $21,080 to $1.80. Allowing the other item of $9,621 to stand, it found that the verdict was ex-

cessive, and ordered a new trial, unless plaintiff would stipulate to reduce the verdict to $9,622.80. Plaintiff having so stipulated, the new trial was refused, and the present appeal is taken.

It is obvious that a verdict in an amount so far in excess of any recovery justified under any view either of the facts or of the law is without weight or force for any purpose. Either the jury overlooked the explicit directions of the court as to the maximum recovery to which plaintiff could be entitled, or its members were so swayed by passion or prejudice that they deliberately disregarded them. The amount of the verdict is inexplicable upon any theory, and there is no contention that there was any reasonable method of reaching it. Such a result destroys even any presumption that they actually included the loss of rentals therein. It is a mere expression of whim, caprice, or a desire to punish a litigant.

The action of the court in endeavoring to reduce it to an amount within the limits of the proof offered amounted under such conditions to the direction of a verdict, and, if that action could be supported at all, it could only be upon the theory that the plaintiff was entitled to the recovery of that amount as a matter of law. That, of course, could not be done. The matters in controversy submitted to the jury were issues of fact, and not of law. The questions of what rentals, if any, the plaintiff had lost during the period in question, and to what extent, if any, such losses were due to the conditions claimed to exist in defendant's yard, were ones of fact only. They were so submitted by the court, and properly. They never became issues of law only, and plaintiff was not entitled to recover the amount of the judgment as a matter of law. It, therefore, cannot be sustained, and a new trial must be had.

[2] In view of this conclusion, attention should be called to the error committed in excluding evidence offered to show that certain structures erected by defendant during the years 1905 and 1906 were temporary in character, and not permanent. The learned trial court charged the jury, without objection, that a nuisance temporary in character could not be complained of by a private litigant; but the evidence tending to show the temporary character of certain of the constructions, and the conditions which made that temporary use become necessary, was excluded.

The judgment and orders appealed from are reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.